IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SHERMAN LYNN DIXON | § | |
| v. | § | CIVIL ACTION NO. 6:05cv388 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Sherman Dixon, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Dixon was convicted of burglary of a building on September 3, 2003, which was enhanced by a previous conviction for burglary of a habitation.  He claimed in this petition that he received ineffective assistance of counsel because his attorney, Jerry Scott, did not investigate potentially exculpatory evidence in the police report of his prior conviction, which report allegedly showed that he was not guilty of burglary of a habitation, but rather burglary of a building.[1]  Dixon contends that the State did not produce sufficient evidence, in his prior conviction, to show that he was guilty of burglary of a habitation.

In a similar vein, Dixon says that the State withheld exculpatory evidence in his prior case, which evidence was the police report; he says that his plea in the prior conviction was coerced

---

[1]The police report in the prior case indicated that the charge against Dixon was burglary of a building.  However, it is not disputed that he was actually charged with and convicted of burglary of a habitation.

1

because he did not understand its consequences, and that if he had known of the exculpatory evidence in the police report, he would not have pleaded guilty.

On November 29, 2005, the Magistrate Judge issued a Report recommending that Dixon's petition be dismissed.  The Magistrate Judge noted first that to the extent that Dixon seeks to challenge the prior conviction, this challenge is successive.  Dixon filed a federal habeas corpus petition regarding his prior conviction on August 22, 2001, asserting that his confession was coerced, the State withheld exculpatory evidence, he received ineffective assistance of counsel, and there was insufficient evidence to support the conviction.  This petition was dismissed on February 19, 2002, by the district court, and the Fifth Circuit affirmed the dismissal by denying Dixon a certificate of appealability on August 2, 2002.  *See* Dixon v. Director, TDCJ-CID, civil action no. 6:01cv386 (E.D.Tex.).  Dixon's claims regarding the validity of the prior conviction are without merit because Dixon has not shown that he has received permission from the Fifth Circuit to file a successive petition, as required by 28 U.S.C. §2244(b)(3).

The Magistrate Judge further concluded that Dixon had not shown any valid basis upon which to attack his present conviction.  Although he speaks of "exculpatory evidence," this refers to the fact that the police report in his prior conviction opined that the proper charge was burglary of a building.  However, even had counsel discovered this fact, Dixon fails to show what use could have been made of it; he was convicted of burglary of a habitation, which conviction was upheld on direct appeal and through state and federal habeas corpus proceedings.  Dixon's attorney in the present conviction could hardly have argued that the prior conviction was improper, based solely on an opinion expressed in a police report.  Thus, the Magistrate Judge reasoned, Dixon has not shown that but for his attorney's failure to discover the police report in his prior case, the result of the present proceedings would probably have been different.

In addition, the Magistrate Judge said, Dixon knew about the police report in 2002,  because it formed the basis of his prior federal habeas corpus petition.  Although he complained that counsel "failed to discover" the report, he offered nothing to show why he did not tell his attorney about the

report.  Dixon cannot complain that counsel failed to discover facts about which he himself had knowledge.  *See* Randle v. Scott, 43 F.3d 221 (5th Cir. 1995).  The Magistrate Judge also rejected Dixon's assertion that "favorable evidence," in the form of the police report in the prior case, was withheld, but determined that it would be unnecessary to address whether or not a claim under Brady v. Maryland, 373 U.S. 83 (1963) would be waived by Dixon's guilty plea.

Dixon filed objections to the Magistrate Judge's Report on January 5, 2006, supplementing these with two omitted pages on January 9, 2006.  These objections essentially reiterate the claims which he made in his petition; he says that his prior conviction should have been of burglary of a building and that there was insufficient evidence to convict him of burglary of a habitation, that the Magistrate Judge was "biased" and "cherry-picked" certain facts while ignoring others, and that the police report was not merely an "opinion" but proof of his innocence of burglary of a habitation, despite the fact that he was convicted of burglary of a habitation and that this conviction was upheld in state and federal court.  Dixon argues that his original conviction papers showed that he was convicted of burglary of a building and that these were subsequently changed *nunc pro tunc* to reflect that his conviction was for burglary of a habitation, and says that the Magistrate Judge "attacked the credibility" of the detective who wrote the report indicating that the offense was for burglary of a building.  He also asserts that his attorney in the present case could have challenged the prior conviction by subpoenaing the police officers who made the report, to show that the proper charge was burglary of a building.

Dixon's objections are without merit.  Despite Dixon's heavy reliance on the police report in his prior case, the Magistrate Judge did not err in concluding that this report would have made no difference; although the police report stated that in the opinion of the detective, the proper charge was burglary of a building, Dixon was nonetheless charged with and convicted of burglary of a habitation, which conviction was affirmed on appeal and through state and federal habeas corpus proceedings.  Dixon's conception that the police officer's opinion as to the proper charge could supersede the conviction and multiple affirmances is without merit.

Hence, Dixon has failed to show that his attorney could have made any viable use of the police report in the trial of the present cause.  His sentence was enhanced because of the prior conviction for burglary of a habitation, and the fact that the police report opined that the proper charge was burglary of a building does not affect this in any way.  Nor does the fact that a *nunc pro tunc* judgment may have been entered in his prior case change any of the pertinent facts.  Dixon has failed to show that he received ineffective assistance of counsel or that his present conviction is otherwise subject to collateral attack.  His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 27th day of January, 2006.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE